## Shepard v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Montgomery Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Sale.—Evidence held sufficient to sustain conviction for unlawful sale.

2.   Criminal Law—Contradictions in Evidence Addressed to Jury.—
     Contradictions in evidence of witness for Commonwealth addressed
     themselves directly to jury.

3.   Intoxicating Liquors—Commonwealth Entitled to Prove Reputation
     of Accused as Violator of Liquor Laws.—Under Rash-Gullion Act,
     section 15, Commonwealth in prosecution for unlawful sale of
     liquor was entitled to prove reputation of accused for making, sell-
     ing or handling liquor in violation of law.

HENRY WATSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Whether appellant Shepard should be adjudged en-
titled to a reversal of the judgment in this case and
granted a new trial depends upon the correctness of the
rulings of the court, (1) in allowing evidence to which
he objected to be introduced by the Commonwealth to the
effect that the witness, sheriff of Montgomery county,
was acquainted with appellant and that his reputation
was bad for trafficking in liquor; and (2) whether the
verdict and judgment against appellant is supported by
sufficient evidence, or is flagrantly against the weight
thereof.

The principal witness for the Commonwealth was
Hallie Trimble, who testified that he and two other per-
sons drove in an automobile from town to Slate creek
bridge in Montgomery county in search of appellant
Shepard in the hope of securing whiskey from him. When
they reached the bridge the witness left the other two per-
sons in the automobile and went to the home of Shepard.
There he was informed that Shepard was down the creek;
he went down the creek and found him in about one-half
mile of the bridge at the home of another citizen. The
witness states positively he inquired of Shepard if he had
any whiskey and was informed by Shepard that he had.
Thereupon the witness went with Shepard into the woods
nearby, where they found two containers of moonshine
whiskey, and the witness bought of Shepard one-half gal-
lon thereof and paid him six ($6.00) dollars therefor. In
addition to this evidence the sheriff and his deputy tes-
tified that the reputation of appellant Shepard for traf-
ficking in whiskey was bad.

While appellant denied that he sold whiskey on the occasion mentioned and called other witnesses to support his evidence, the jury was entirely warranted in finding appellant guilty upon the testimony of Trimble alone. But when it was shown by other evidence that appellant's reputation for handling whiskey in violation of law was bad, the jury had a strong case against him and did not err in finding him guilty. The verdict was, therefore, not flagrantly against the evidence, but in accordance therewith.

While there are some contradictions in the evidence of the witness for the Commonwealth these addressed themselves directly to the jury. It had a right, after seeing and hearing the witnesses both for the Commonwealth and the defendant, to determine which related the facts.

In other words, the jury is the sole judge of the credibility of the witnesses. Although there were some slight contradictions in the evidence of the chief witness for the Commonwealth, the jury was able to reconcile all the evidence, at least it did so to the extent of finding appellant guilty.

Section 15 of the Rash-Gullion act provides that "In any prosecution or proceeding for any violation of this act, the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in intoxicating liquor shall be admissible in evidence against said defendant or defendants."

Under that section the Commonwealth was entitled to prove the reputation of appellant for making, selling or handling liquor in violation of law. The record does not show that the evidence of appellant's reputation was acquired after the sale in the case mentioned in the indictment. His general reputation for trading in intoxicating liquors was shown to be bad. We think the statute above quoted was broad enough to warrant the introduction of the evidence as given by the witness. Therefore, there was no error prejudicial to the substantial rights of appellant.

Judgment affirmed.